829 F.2d 34
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin AUTRY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 87-1535
 United States Court of Appeals, Fourth Circuit.
 Argued July 7, 1987.
Decided September 9, 1987.
 
 Louis L. Lesesne, Jr. (Gillespie, Lesesne & Connette, on brief), for appellant.
 Timothy M. White, Office of the General Counsel, Department of Health & Human Services, for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Marvin Autry appeals from judgment entered in favor of the Secretary of Health and Human Services (Secretary) in a handicap employment discrimination action. We affirm.
 
 I.
 
 2
 Autry was hired on July 14, 1980 by the National Institute of Environmental Health Sciences (Institute), a program of the Department of Health and Human Services, as a utility systems repairer/operator (operator). On July 9, 1981 he suffered an on-the-job back injury which restricted him from lifting more than 20 pounds.
 
 
 3
 Autry returned to light-duty work in December 1981 and worked in several different positions on a sporadic basis until he again injured his back on October 12, 1982. He once more returned to light-duty work, but he was not reassigned to his regular duties as an operator. Autry was discharged on April 29, 1983 based on his inability to perform the duties of an operator.
 
 
 4
 After exhausting all administrative procedures, Autry filed a handicap employment discrimination action under 29 U.S.C.A. Secs. 791, 794a (West 1985 & Supp. 1987). Following a bench trial, the district court entered judgment in favor of the Secretary.
 
 II.
 
 5
 Every agency of the federal executive branch is required to establish and maintain an affirmative action plan for hiring, placement and advancement of individuals with handicaps. 29 U.S.C.A. Sec. 791(b) (West Supp. 1987). Agencies are required to give full consideration to the employment of qualified mentally and physically handicapped persons and are prohibited from discriminating against such persons. 29 C.F.R. Sec. 1613.703 (1986). Agencies must 'make reasonable accommodation to the known physical or mental limitations of a qualified handicapped applicant or employee unless the agency can demonstrate that the accommodation would impose an undue hardship on the operation of its program.' 29 C.F.R. Sec. 1613.704(a) (1986). A qualified handicapped person is one who 'with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others. . . .' 29 C.F.R. Sec. 1613.702(f) (1986); see also Carter v. Tisch, ---- F.2d ---- No. 86-1728, slip op. at 4-5 (4th Cir. July 6, 1987).
 
 
 6
 Here, the district court found that Autry could not perform an essential function of the job, heavy lifting, without accommodation and that accommodation of his handicap would impose an undue hardship on the Institute. Autry claims that he is qualified to perform the job without accommodation, alleging that heavy lifting is not an essential function. In the alternative, he asserts that the Institute could have reasonably accommodated his handicap without undue hardship.
 
 III.
 
 7
 An operator is required to perform a variety of daily duties, including monitoring equipment, keeping records, general housekeeping, and regular maintenance and repair of equipment. In addition, the operator must be able to perform emergency repairs without assistance. The job requires occasional heavy lifting of up to 100 pounds. Autry contends that heavy lifting is not an essential function of the job because it is not required frequently.
 
 
 8
 '[T]he essential nature of a particular job function is not determined solely by the amount of time devoted to it.' Treadwell v. Alexander, 707 F.2d 473, 477 (11th Cir. 1983). A job function is not any less essential because it is only occasionally required. Id.
 
 
 9
 Autry testified that his job primarily required 'just being in the power plant . . . in case there was an equipment malfunction.' The ability to lift more than 20 pounds is concomitant with the ability to respond to any emergency. Therefore, heavy lifting is an essential function of the job which Autry cannot perform without accommodation.
 
 IV.
 
 10
 Autry asserts that the Institute could have reasonably accommodated his handicap without undue hardship by assigning him to a day shift when other employees would be available to perform the heavy lifting or by restructuring the job to eliminate the heavy lifting requirement. Either suggestion is an unreasonable accommodation which would impose an undue hardship on the Institute.
 
 
 11
 First, an employer is not required to accommodate a handicapped employee by eliminating one of the essential functions of the job. Jasany v. United States Postal Service, 755 F.2d 1244, 1250 (6th Cir. 1985). Further, an employer is not required to accommodate a handicapped employee by assigning his essential duties to other personnel if such 'doubling up' would impose an undue hardship. Treadwell, 707 F.2d at 478. Here, placing other personnel at Autry's disposal would result in a neglect of their own duties. In the alternative, hiring a personal assistant to perform Autry's heavy lifting would be unduly costly.
 
 
 12
 AFFIRMED.